# United States Court of Appeals
## For the First Circuit

_____

### DOCKETING STATEMENT

**No.** 26-1257          **Short Title:** Robinhood Derivatives, LLC v. Campbell, et al

**Type of Action**

- ☑ Civil
- ☐ Criminal/Prisoner
- ☐ Cross Appeal

A. Timeliness of Appeal
  1. Date of entry of judgment or order appealed from March 13, 2026
  2. Date this notice of appeal filed March 13, 2026
     If cross appeal, date first notice of appeal filed n/a
  3. Filing date of any post-judgment motion filed by any party which tolls time under Fed. R. App. P. 4(a)(4) or 4(b) n/a
  4. Date of entry of order deciding above post-judgment motion n/a
  5. Filing date of any motion to extend time under Fed. R. App. P. 4(a)(5), 4(a)(6) or 4(b) n/a
     Time extended to n/a

B. Finality of Order or Judgment
  1. Is the order or judgment appealed from a final decision on the merits?  ☑ Yes  ☐ No
  2. If no,
     a. Did the district court order entry of judgment as to fewer than all claims or all parties pursuant to Fed. R. C. P. 54(b)?  ☐ Yes  ☐ No
        If yes, explain
     b. Is the order appealed from a collateral or interlocutory order reviewable under any exception to the finality rule?  ☐ Yes  ☐ No
        If yes, explain

C. Has this case previously been appealed?  ☐ Yes  ☑ No
   If yes, give the case name, docket number and disposition of each prior appeal

D. Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court?  ☑ Yes  ☐ No
   If yes, cite the case and manner in which it is related on a separate page.  If abeyance or consolidation is warranted, counsel must file a separate motion seeking such relief.

E. Were there any in-court proceedings below? ☑ Yes ☐ No
   If yes, is a transcript necessary for this appeal? ☑ Yes ☐ No
   If yes, is transcript already on file with district court? ☑ Yes ☐ No

F. List each adverse party to the appeal.  If no attorney, give address and telephone number of the adverse party. Attach additional page if necessary.

   1. Adverse party Andrea Joy Campbell (Massachusetts Attorney General)
      Attorney Jared Andrew Rinehimer (Massachusetts Attorney General's Office)
      Address One Ashburton Place, 18th Floor, Boston, MA 02108
      Telephone 617-963-2594

   2. Adverse party Jordan Maynard (Chair of the Massachusetts Gaming Commission)
      Attorney Jared Andrew Rinehimer (Massachusetts Attorney General's Office)
      Address One Ashburton Place, 18th Floor, Boston, MA 02108
      Telephone 617-963-2594

   3. Adverse party Eileen O'Brien (Commissioner of the Massachusetts Gaming Commission)
      Attorney Jared Andrew Rinehimer (Massachusetts Attorney General's Office)
      Address One Ashburton Place, 18th Floor, Boston, MA 02108
      Telephone 617-963-2594

G. List name(s) and address(es) of appellant(s) who filed this notice of appeal and appellant's counsel. Attach additional page if necessary.

   1. Appellant's name Robinhood Derivatives, LLC
      Address 151 N. Franklin Street, 29th Floor, Chicago, IL 60606
      Telephone 888-792-9120

      Attorney's name Nicholas J. Schneider
      Firm Eckert Seamans Cherin & Mellott, LLC
      Address 2 International Place #1600, Boston MA 02110
      Telephone 617-342-6800

   2. Appellant's name_____
      Address_____
      Telephone_____

      Attorney's name_____
      Firm_____
      Address_____
      Telephone_____

   Will you be handling the appeal? (In criminal cases counsel below will handle the appeal unless relieved by this court.)  ☑ Yes  ☐ No

Fed. R. App. P. 12(b) provides that each attorney who files a notice of appeal must file with the clerk of the court of appeals a statement naming each party represented on appeal by that attorney. 1st Cir. R. 12.0 requires that statement in the form of an appearance.

Signature  /s/ Nicholas J. Schneider

Date  April 6, 2026

## ATTACHMENT TO DOCKETING STATEMENT

**Question D (continued):**
1. *QCX LLC v. Campbell, et al.*, No. 1:26-cv-10651 (D. Mass.).
    a. This case is related in that it also seeks a declaration that federal law preempts application of state gaming laws to sports-related event contract trading on CFTC-designated exchanges.

**Question F (continued):**

4. Adverse Party: Bradford R. Hill (Commissioner of the Massachusetts Gaming Commission)
    a. Attorney: Jared Andrew Rineheimer (Massachusetts Attorney General's Office)
    b. Address: One Ashburton Place, 18th Floor, Boston, MA 02108
    c. Telephone: 617-963-5765
5. Adverse Party: Nakisha Skinner (Commissioner of the Massachusetts Gaming Commission)
    a. Attorney: Jared Andrew Rineheimer (Massachusetts Attorney General's Office)
    b. Address: One Ashburton Place, 18th Floor, Boston, MA 02108
    c. Telephone: 617-963-5765
6. Adverse Party: Paul Brodeur (Commissioner of the Massachusetts Gaming Commission)
    a. Attorney: Jared Andrew Rineheimer (Massachusetts Attorney General's Office)
    b. Address: One Ashburton Place, 18th Floor, Boston, MA 02108
    c. Telephone: 617-963-5765

## CERTIFICATE OF SERVICE

I hereby certify that, on April 6, 2026, I electronically filed the foregoing Docketing Statement with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system, which suffices as notice to all counsel of record.

/s/ Nicholas J. Schneider
NICHOLAS J. SCHNEIDER
*Counsel for Plaintiff-Appellant*

Dated: April 6, 2026